UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| D. ALEXANDRA WOLFE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. C21-5421-BHS-SKV<br><br>REPORT AND RECOMMENDATION |

## I.　INTRODUCTION

Plaintiff D. Alexandra Wolfe, a former employee of the United States Department of Veterans Affairs ("VA"), initially filed this civil action on April 12, 2021, in Cowlitz County District Court against her former coworker, Christine Randall, alleging Ms. Randall made fraudulent statements about Plaintiff that ultimately cost Plaintiff her job. *See* Dkt. 1-1 at 2–3. On June 4, 2021, after removing the case to this Court, the United States of America substituted itself into the case as the sole party defendant. *See* Dkt. 1; Dkt. 2. It then moved to dismiss Plaintiff's claim for lack of subject matter jurisdiction. Dkt. 9. Plaintiff did not oppose Defendant's Motion, but objected to dismissal and sought remand of the case in an unfiled Motion to Change Venue. *See* Dkt. 12-1. Having thoroughly considered the parties' briefing

1  and the relevant record, the Court finds federal jurisdiction lacking, but concludes this is the only

2  forum in which Plaintiff could pursue her tort claim.  Defendant's Motion to Dismiss, Dkt. 9,

3  should therefore be GRANTED.

4              II.     BACKGROUND

5      On April 12, 2021, Plaintiff filed a Notice of Small Claim in Cowlitz County District

6  Court against Ms. Randall.  *See* Dkt 1-1.  Plaintiff's Notice of Small Claim alleged that while

7  both she and Ms. Randall were employed by the VA, Ms. Randall accused Plaintiff of

8  "numerous allegations that were fraudulent," which forced Plaintiff to hire a lawyer to "defend

9  her job" and ultimately resulted in her termination.  *Id.* at 3.  The Notice also sought $10,000 in

10 damages to account for Plaintiff's "legal fees, lack of income, federal career, reputation and the

11 effects of this to [Plaintiff's] physical and mental health."  *Id.*

12     On June 4, 2021, Defendant removed the case to this Court pursuant to 28 U.S.C.

13 § 1442(a)(1), alleging that because Plaintiff's claim alleged wrongful conduct by Ms. Randall

14 while Ms. Randall was acting in the scope of her employment with the VA, it fell within the

15 Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, and could only be

16 brought pursuant to that statute in federal court.  Dkt. 1 at 2.  Defendant also filed a Notice of

17 Substitution pursuant to 28 U.S.C. § 2679(d)(1), substituting itself into the case as the sole party

18 defendant on the ground that the United States is the real party in interest when tort claims are

19 brought under the FTCA against federal employees acting within the scope of their employment.

20 *Id.*; Dkt. 2.  The Notice of Substitution was based on the Certification of Tessa M. Gorman,

21 Acting United States Attorney for the Western District of Washington, which provided that at all

22 times and in all respects relevant to Plaintiff's allegations, Ms. Randall was an employee of the

23 United States acting within the scope of her employment with the VA.  Dkt. 2 at 1; Dkt. 2-1 at 2.

REPORT AND RECOMMENDATION - 2

|   |   |
|---|---|
| 1 | On July 13, 2021, the Court substituted in the United States as the sole party defendant in |
| 2 | this action.  That same day, Defendant moved to dismiss Plaintiff's lawsuit, alleging the Court |
| 3 | lacked subject matter jurisdiction over her claim.  Dkt. 9 at 3–5.  On July 28, 2021, Plaintiff |
| 4 | emailed (but did not file) a Motion to Change Venue to counsel for Defendant and to the Court's |
| 5 | Courtroom Deputy, which Defendant subsequently opposed.  *See* Dkt. 12 at 1; Dkt. 12-1. |
| 6 | Although Plaintiff's Motion is styled as a "Motion to Change Venue," it responds to the |
| 7 | arguments set forth in Defendant's Motion to Dismiss.  Because Plaintiff did not otherwise |
| 8 | respond to Defendant's Motion, under Federal Rule of Civil Procedure Rule 8(e),[1] the Court |
| 9 | considers Plaintiff's Motion to Change Venue as an opposition to Defendant's Motion to |
| 10 | Dismiss and Defendant's response as a reply. |
| 11 | III.    DISCUSSION |
| 12 | A.    Legal Standard |
| 13 | Under Federal Rule of Civil Procedure 12(b)(1), dismissal of an action is appropriate |
| 14 | when the Court lacks subject matter jurisdiction over the claims.  In considering a motion to |
| 15 | dismiss for lack of subject matter jurisdiction, the Court assumes as true the factual allegations in |
| 16 | the complaint and resolves any factual ambiguities in favor of the plaintiff.  *Scheuer v. Rhodes*, |
| 17 | 416 U.S. 232, 236 (1974); *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. |
| 18 | 1998) (citation omitted).  The Court may not, however, draw any jurisdictional inferences in |
| 19 | favor of the plaintiff.  *See Norton v. Larney*, 266 U.S. 511, 515 (1925); *Drakos*, 140 F.3d at 131 |
| 20 | (citation omitted). |
| 21 | Defendant moves to dismiss Plaintiff's lawsuit under Rule 12(b)(1), arguing that the |
| 22 | Court lacks subject matter jurisdiction because the United States, as Defendant, has sovereign |
| 23 |   |

---

[1] Rule 8(e) provides that "[p]leadings must be construed so as to do justice."

REPORT AND RECOMMENDATION - 3

immunity.  Dkt. 9 at 3–4.  Alternatively, Defendant moves to dismiss on jurisdictional grounds because Plaintiff failed to present her claim to the VA for consideration before bringing her action in court.  *Id.* at 5.

      1.     *Sovereign Immunity*

The United States, as a sovereign, is ordinarily immune from suit.  *Honda v. Clark*, 386 U.S. 484, 501 (1967) (citations omitted).  That being said, Congress can waive the United States' sovereign immunity and, in doing so, defines the conditions under which lawsuits against the government are permitted.  *United States v. Sherwood*, 312 U.S. 584, 586–87 (1941) (citations omitted).  Such waivers are strictly construed.  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).  The plaintiff in a lawsuit against the United States must point to an unequivocal waiver of sovereign immunity by the government.  *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998) (citation omitted).  Whether the United States has waived its sovereign immunity is a question of subject matter jurisdiction.  *Id.* (citation omitted).

Congress waived the United States' sovereign immunity when enacting the FTCA, which permits actions for damages against the United States for injuries caused by the wrongful (or tortious) conduct of United States agents or employees acting within the scope of their employment to the extent that a private party would be liable under state law.  28 U.S.C. § 1346(b)(1); *Millbrook v. United States*, 569 U.S. 50, 52 (2013).  Pursuant to the statute, tort claims against employees of the United States acting within the scope of their employment can only be brought under the FTCA in federal court.  28 U.S.C. § 2679(b)(1); 28 U.S.C. § 2679(d)(2); *see also Green v. Haul*, 8 F.3d 695, 698 (9th Cir. 1993).  But while the FTCA broadly waives the government's immunity from suit for such claims, it also excepts out a number of tort claims from its waiver.  *Millbrook*, 569 U.S. at 52.  One such exception preserves

1  the Government's immunity from suit for intentional torts, i.e., "[a]ny claim arising out of
2  assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel,
3  slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).
4  While not explicitly enumerated in the statute, claims for defamation are also barred by this
5  provision. *Guidry v. Durkin*, 834 F.2d 1465, 1471 (9th Cir. 1987) (citing 28 U.S.C. § 2680(h))
6  ("The FTCA is unavailable to [the plaintiff] for the reason that defamation actions are expressly
7  barred by that statute.").

8  Plaintiff's Notice of Small Claim does not invoke the FTCA; however, it alleges that Ms.
9  Randall, an employee of the federal government, accused her of "numerous allegations that were
10 fraudulent," forcing her to hire an attorney and ultimately resulting in her termination. Dkt. 1-1
11 at 3. Further, it seeks monetary damages for injuries sustained by Plaintiff as a result of Ms.
12 Randall's conduct. *Id.* Plaintiff's claim therefore alleges injury caused by the wrongful acts of
13 Ms. Randall, who was acting within the scope of her employment as a federal employee at the
14 time of her conduct. *See* Dkt. 2. Given this, it seeks relief covered by the FTCA. *See* 28 U.S.C.
15 § 1346(b)(1).

16 Defendant argues that in spite of the FTCA's waiver of sovereign immunity for the
17 wrongful acts of federal employees, Plaintiff's claim must be dismissed because it is a claim for
18 defamation, and therefore is excluded from the Act's waiver. Dkt. 9 at 4. Plaintiff's Notice of
19 Small Claim does not specify what claim Plaintiff is bringing. Under Washington law, however,
20 a plaintiff states a claim for defamation when alleging "falsity, an unprivileged communication,
21 fault, and damages."[2] *Mark v. Seattle Times*, 96 Wn.2d 473, 486 (1981) (citation omitted).

---

[2] The Court construes Plaintiff's claim under Washington law because the FTCA waives the federal government's sovereign immunity to the extent that a private party would be liable under state law. 28 U.S.C. § 1346(b)(1). Here, Ms. Randall's alleged conduct occurred in Washington, meaning Washington law would apply to determine liability if Plaintiff's claim were to proceed.

REPORT AND RECOMMENDATION - 5

Thus, by alleging Ms. Randall made false statements about Plaintiff that resulted in damages, Plaintiff's claim is reasonably construed as one for defamation. And because the FTCA does not waive the United States' sovereign immunity from suits alleging defamation, Plaintiff cannot maintain her suit in court.

In opposing Defendant's Motion, Plaintiff does not challenge Defendant's classification of her claim as one for defamation. Instead, she asks the Court to remand her case to Cowlitz County District Court because she did not choose to file it in federal court. Dkt. 12-1 at 3. She further contends that she is not suing the United States, only Ms. Randall. *Id*. at 4. But Plaintiff sued Ms. Randall for tortious conduct that Ms. Randall engaged in while acting within the scope of her employment.³ *See* Dkt. 2. Plaintiff's claim therefore falls within the FTCA, *see* 28 U.S.C. § 1346(b)(1), and the United States was necessarily substituted in as the sole party defendant in this action, *see* 28 U.S.C. § 2679(d)(1). Further, because Plaintiff's claim falls within the FTCA, it can only be brought pursuant to the FTCA in this Court. 28 U.S.C. § 2679(b)(1); 28 U.S.C. § 2679(d)(2); *Green*, 8 F.3d at 698. And because the FTCA does not waive Defendant's immunity from suit for defamation claims, Plaintiff's claim should be dismissed for lack of subject matter jurisdiction.

    2.    *Failure to Present Claim to VA for Consideration*

To the extent Plaintiff's claim could be construed as a tort claim for something other than defamation, her lawsuit should still be dismissed. An FTCA action can only be instituted in court once a plaintiff has "first presented the claim to the appropriate Federal agency" and the claim has been "finally denied by the agency in writing and sent by certified or registered mail."

---

³ The fact that Ms. Randall was acting within the scope of her employment was conclusively determined when Ms. Gorman certified as much and Plaintiff failed to challenge the certification. *See Green*, 8 F.3d at 698 (citing 28 U.S.C. § 2679(d)(1)–(4)) ("The Attorney General's decision regarding scope of employment certification is conclusive unless challenged.").

REPORT AND RECOMMENDATION - 6

28 U.S.C. § 2675(a).  A claim is deemed presented when the plaintiff executes and presents a Standard Form 95 or other written notification of an incident to the appropriate federal agency, accompanied by a claim for money damages in a sum certain.  *See* 28 C.F.R. § 14.2.  Absent compliance with this requirement, courts cannot entertain FTCA suits on jurisdictional grounds.  *See Wiseman v. United States*, 976 F.2d 604, 605 (9th Cir. 1992); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985) (citation omitted).

Here, Defendant has submitted evidence indicating that Plaintiff failed to first present her tort claim to the VA prior to filing this action, *see* Dkt. 10, and Plaintiff does not contend otherwise.  Thus, her lawsuit should also be dismissed for lack of jurisdiction on this ground.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, Dkt. 9, should be GRANTED.

## V.   OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 19, 2021**.

Dated this 5th day of November, 2021.

*(signature)*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7